Totten, J.,
delivered the opinion of the court.
The case is a motion in the circuit court of Perry, against the defendant, as trustee of said county, for the non-payment of several claims held by the plaintiff against the county. The motion was dismissed at the hearing, and plaintiff has appealed in error to this court.
1. It is insisted that the claims are not valid, and if they were, that the plaintiff is not the legal owner, so as to make the motion in his own name.
The act of 1827, c. 49. s. 15, requires that the names of the Justices voting for the appropriation, shall be incorporated in the order for its payment, and unless this be done, it is not *533 lawful for the trustee to pay the same. Upon examination we find, that a portion of the claims, is ordered in conformity to this law, and others not.
The claims are not in the name of the plaintiff, but in the names of several persons. The plaintiff makes his motion as the holder and owner of them. The same act, sec. 25, provides that the “holder of any legal claim!'1 may demand payment of the trustee, and maintain the motion.
It is true that county claims, that is, appropriations by the county court, have no negotiable quality, and the legal title is in the name of the person named in the order. But these claims, being generally for small amounts, are constantly transferred from one to another, by delivery merely, and many of them often accumulate in the hands of the same person. It would be inconvenient to the holder, and oppressive to the Trustee, to permit him to maintain a separate motion in the name of the legal owner, for his use, on each claim. We think the statute has provided the proper remedy, and that any person who may be the holder and owner of any legal claim, may maintain the motion in his own name; and that possession is prima facie evidence that he is the owner.
2. It is next objected, that the county of Perry is not liable to pay the claims, but that they are properly a charge upon the county of Decatur.
By the act of 1845, c 7, that portion of Perry, west of Tennessee river, was detached from Perry, and organised into the new county of Decatur, — leaving the county of Perry with its original organization, but a diminished territory.
The 9th section of the act provides, “that all debts and liabilities which may now be due and owing by the county of Perry, shall be liquidated and paid by each county respectively, in proportion to the tax lists taken for the year 1845, until said debts are paid.”
It appears by the answer of the defendant to interrogatories *534 filed for discovery in this proceeding, that at the time of the division of Perry county, under said act, its debts and liabilities amounted to $2410 72, whereof, having reference to the tax list of 1845, and the provision of said section, the sum of of $1109 38i, was chargable to the county of Perry, and $1301 33|, to the county of Decatur, and that the county of Perry has paid its portion of said debts. And the claims in question being of a prior date to the division of said county, it is insisted that they are properly a charge on the county of Decatur.
There can be no question, but that, as between the two counties, Decatur is liable under said section, for its proper portion of the debts of Perry, existing at the time ofthe division. The liability is imposed by the same law, which gives it existence as a county, and it is as much bound by this provision as by any other in the law. It is certainly the duty of the county court of Decatur to take proper action to perform this obligation, by providing funds and ordering its trustee to make the proper payments, as it would be neither legal nor proper for him to make the payments without such order.
But as relates to the creditors of Perry, it was not intended by the act, nor was it competent for the Legislature, to release the county of Perry from its liability to them, and to transfer their credits to the county of Decatur. The county of Perry remains under its original organization, but with a restricted territory: the obligations to which it was subject likewise remain, until they shall be discharged. The creditor has the right to insist that his contract be not violated; and his contract being with the county of Perry, he may insist upon its obligation. It is certainly true, as before intimated that the county of Perry has its recourse for indemnity, upon Decatur, in a proper proceeding instituted for that purpose.
It is said that it does not appear that the trustee had funds in his hands to pay the plaintiff’s claims. But the trustee admits, *535 in his answer before referred to, that he had paid claims of a later date; and as it is made his made his duty to enter and number the claims in a book kept for that purpose, and to pay them in their order, as numbered, the payment of younger claims to the prejudice of claims having priority, must be considered as in his own wrong and he would be liable to the motion.
' 4. Finally, exception is taken to the formality of the motion, for the want of sufficeint certainty. The motion, as it appears on the record is certainly very informal in not reciting with sufficient certainty the claims upon which it is founded. But as it was heard upon and recites the notice, in which the claims are specially stated, we do not think it proper to annul the entire proceeding for a merely formal and unsubstantial exception.
We think therefore, that the court erred in dismissing the motion, and order that the judgment be reversed and the cause remanded for further proceeding.